# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| TEXAS MEDICAL ASSOCIATION, et al., | § § § § | |
| Plaintiffs, | § § | Case No. 6:22-cv-450-JDK |
| v. | § § | Lead Consolidated Case |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al., | § § § § | |
| Defendants. | § § | |
| LIFENET, INC., et al., | § § § | |
| Plaintiffs, | § § § | |
| v. | § § § | Case No. 6:22-cv-453-JDK |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al., | § § § § | |
| Defendants. | § § | |

## FINAL JUDGMENT

Pursuant to the Court's Memorandum Opinion and Order granting-in-part Plaintiffs' Motions for Summary Judgment and denying-in-part Defendants' Cross-Motion for Summary Judgment (Docket No. 62), and for the reasons stated therein, the Court hereby enters Final Judgment in favor of Plaintiffs Texas Medical Association; Tyler Regional Hospital, LLC; Dr. Adam Corley; LifeNet, Inc.; East Texas Air One, LLC; Rocky Mountain Holdings, LLC; and Air Methods Corporation, and against Defendants United States Department of Health and Human Services,

1

United States Department of Labor, United States Department of the Treasury, United States Office of Personnel Management, and the current heads of those agencies in their official capacities, Xavier Becerra, Janet Yellen, Martin J. Walsh, and Kiran Ahuja as follows:

The Court **ORDERS** that the following are **VACATED**:

(1) 86 Fed. Reg. 36,872, at 36,889, the phrase "regardless of the number of claims paid at that contracted rate";

(2) 45 C.F.R. § 149.140(a)(8)(iv), 26 C.F.R. § 54.9816-6T(a)(8)(iv), and 29 C.F.R. § 2590.716-6(a)(8)(iv), from "or at the option" to "on behalf of the plan";

(3) 45 C.F.R. § 149.140(a)(12), 26 C.F.R. § 54.9816-6T(a)(12), and 29 C.F.R. § 2590.716-6(a)(12), from "as identified" to "practice";

(4) 45 C.F.R. § 149.140(a)(15)(ii)(B), 26 C.F.R. § 54.9816-6T (a)(15)(ii)(B), and 29 C.F.R. § 2590.716- 6(a)(15)(ii)(B), from "(or the administering entity" to "if applicable)";

(5) 45 C.F.R. § 149.140(b)(1), 26 C.F.R. § 54.9816-6T(b)(1), and 29 C.F.R. § 2590.716-6(b)(1), from "(or the administering entity" to "if applicable)";

(6) 45 C.F.R. § 149.140(b)(2)(i), 26 C.F.R. § 54.9816-6T(b)(2)(i), and 29 C.F.R. § 2590.716-6(b)(2)(i), from "(or the administering entity" to "if applicable)";

(7) 45 C.F.R. § 149.140(b)(2)(iv), 26 C.F.R. § 54.9816-6T(b)(2)(iv), and 29 C.F.R. § 2590.716-6(b)(2)(iv), in their entirety;

(8) 45 C.F.R. § 149.140(b)(3)(i), from "If a plan or issuer" to "for the service code" and "as applicable"; 26 C.F.R. § 54.9816-6T(b)(2)(iv); 26 C.F.R. § 54.9816-6T(b)(3)(i), from "If a plan has" to "for the service code" and "as applicable"; 29 C.F.R. § 2590.716-6(b)(2)(iv); 29 C.F.R. § 2590.716-6(b)(3)(i), from "If a plan or issuer" to "for a service code" and "as applicable";

(9) 45 C.F.R. § 149.130(b)(4)(i), 26 C.F.R. § 54.9817-1T(b)(4)(i), and 29 C.F.R. § 2590.717-1(b)(4)(i), from "For purposes of this paragraph (b)(4)(i), the 30-calendar-day period begins" to "decide a claim for payment for the services";

(10)  45 C.F.R. § 149.140(a)(1), 26 C.F.R. § 54.9816-6T(a)(1), and 29 C.F.R. § 2590.716-6(a)(1), from "Solely for purposes of this definition a single case agreement" to "or enrollee in unique circumstances, does not constitute a contract";

(11)  5 C.F.R. § 890.114(a), insofar as it requires compliance with the foregoing provisions;

(12)  FAQs 14 and 15 of *FAQs About Affordable Care Act and Consolidated Act, 2021 Implementation Part 55* (Aug. 19, 2022); and

(13)  The portion of *Technical Guidance for Certified IDR Entities*, CTRS. FOR MEDICARE & MEDICAID SERVS., at 2–3 (Aug. 18, 2022) (answering whether "multiple qualified IDR items or services be submitted together"), which require air ambulance service reimbursement disputes to undergo more than one IDR process (as set forth in 45 U.S.C. § 300gg-111(c)).

Further, the Court hereby enters Final Judgment in favor of Defendants and against Plaintiffs as follows:

(1)  Plaintiffs' request for a declaration that the Departments acted unlawfully in promulgating the disclosure requirements of 45 C.F.R. § 149.140(d) or requesting vacatur of that section is **DENIED**; and

(2)  Plaintiffs LifeNet, Inc.; East Texas Air One, LLC; Rocky Mountain Holdings, LLC; and Air Methods Corporation's request that the Court vacate 45 C.F.R. § 149.140(a)(7)(ii)(B), 26 C.F.R. § 54.9816-6T(a)(7)(ii)(B), and 29 C.F.R. § 2590.716-6(a)(7)(ii)(B) is **DENIED**.

All relief not expressly granted herein is **DENIED**. Any pending motions are **DENIED** as **MOOT**. The Clerk of Court is instructed to close these consolidated cases.

So **ORDERED** and **SIGNED** this **24th** day of **August, 2023.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE